# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Moses McCormick, et al., | No. CV-19-02941-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Franklin County Court of Common Pleas Domestic Division, et al., | |
| Defendants. | |

This matter is before the Court on over a dozen Motions filed by the various Defendants. This case was filed by Mark and Moses McCormick and appears to arise out of Moses McCormick's divorce proceedings, which primarily occurred in state court in Columbus, Ohio.[1] (Doc. 1).

**I.     Background**

Plaintiffs filed a 251-page Complaint, comprising 651-pages with exhibits, raising several federal law claims. Plaintiffs appear to be unhappy with what seems to be every party, institution, law firm, court, judicial officer, and state and local entity that had any involvement with Moses McCormick's divorce proceedings and have named 31 Defendants[2] and 25 Doe Defendants. It is unclear to the Court how Plaintiff Mark

---

[1] Columbus, Ohio, is located within the Southern District of Ohio. https://www.ohsd.uscourts.gov/

[2] The named Defendants include the following: Supreme Court of Ohio; Franklin County Ohio Court of Common Pleas: Domestic Division; Franklin County Ohio Court of Common Pleas: Civil Division; Franklin County Ohio Court of Common Pleas: Municipal Division; Franklin County Department of Job and Family Services; Franklin County Child Support Enforcement Agency; Stacy Gilbert Orsborne; the City of

McCormick is relevant to these proceedings. All the events giving rise to the claims appear to have occurred in Ohio.

Before the Court are the following Motions: Motions to Dismiss for Lack of Jurisdiction, Improper Venue, or Failure to State a Claim by Buckeye Ranch (Doc. 9); Columbus Division of Police and City of Columbus (Doc. 12); Summit County Court of Common Pleas, Summit County Domestic Relations Court, County of Summit and William D. Wellemyer (Doc. 14); Ninth District Court of Appeals, Maureen O'Connor, Supreme Court of Ohio, Tenth District Court of Appeals (Doc. 18); Judges Amy Corrigall Jones and Katarina Cook (Doc. 20); Hsiu-Chen Lu (Doc. 27); Todd Sidoti (Doc. 53); Susan Brown, Franklin County Child Support Enforcement Agency, Franklin County Court Department of Job and Family Services, Franklin County Court of Common Pleas Civil Division, Franklin County Court of Common Pleas Domestic Division, Franklin County, Ohio, Darcy A Shaffer (Doc. 63); Catherine White (Doc. 69); Law Offices of William L Geary LPA (Doc. 77); Jeffrey Anderson (Doc. 80); and a Motion for Judgment on the Pleadings filed by Rosemarie Welch (Doc. 110).

While it is probable that the Court does not have jurisdiction over several parties in this case, it is also clear that venue is not proper in the District of Arizona and that this is not the proper forum for this matter. The Court, in its discretion and in the interest of justice, will not reach the merits of the various Motions to Dismiss, and will grant the Motions for Change of Venue.

## II.  Legal Standards

Pursuant to 28 U.S.C. § 1391, for venue to be proper, a civil action must be brought in:

---

Columbus, Ohio; Todd Sidoti; Jeffrey Anderson; Catherine White; FBI: Columbus Division; 2 unknown final policy enforcers; Darcy A. Shaffer; City of Columbus division of police; Summit County Court of Common Pleas; Summit County Domestic Relations Court; Rosemarie Welch; The Buckeye Ranch; The law offices of William L. Geary; William D. Wellemyer; Hsiu-Chen Lu; County of Summit; County of Franklin; 10th District Court of Appeals of Ohio; Ninth District Court of Appeals of Ohio; Deputy Clerk Steve; Justice Maureen O'Connor; Amy Corrigall Jones; Susan Brown; FBI: Columbus Field Office; and William L. Geary, Attorney. (Doc. 1).

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Where venue is improper under 28 U.S.C. §1391(b), "the district court in which is filed a case laying venue in the wrong . . . district" must "dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. §1406. "Normally transfer will be in the interest of justice because . . . dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)). Simply stated, "[i]f a case falls within one of §1391(b)'s districts, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49 (2013).

Even in cases where venue is proper under §1391, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The purpose of the section is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). A district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622). In making this determination, a court must balance numerous factors, including: (1) the state that is most familiar with

the governing law, (2) the plaintiff's choice of forum, (3) the respective parties' contacts with the forum, (4) the contacts relating to the plaintiff's cause of action in the chosen forum, (5) the differences in the costs of litigation in the two forums, (6) the availability of compulsory process to compel attendance of unwilling, non-party witnesses, and (7) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

When weighing these factors, a court must be cognizant of the "strong presumption in favor of plaintiff's choice of forums" and should not grant transfers freely. *Gherebi v. Bush*, 352 F.3d 1278, 1303 (9th Cir. 2003) (citation omitted), *vacated on other grounds*, 542 U.S. 952 (2004). Transfer is not appropriate if the result is merely to shift the inconvenience from one party to another. *Gherebi*, 352 F.3d at 1303 ("Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient.") (internal citation omitted). However, where "the balance is strongly in favor of the defendant," transfer is appropriate. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

### III. Analysis

The Court must first address whether venue is proper in the District of Arizona. As Plaintiffs do not allege that any Defendant is a resident of Arizona, 28 U.S.C. § 1391(b)(1) does not establish venue in Arizona. Second, all the events giving rise to Plaintiffs' constitutional and RICO claims occurred in Ohio, and therefore 28 U.S.C. § 1391(b)(2) does not establish venue in Arizona. Finally, because this action could have been filed in another jurisdiction where venue would be proper under either §1391(b)(1) or (2), namely in the Southern District of Ohio, §1391(b)(3) does not establish venue in Arizona. *See Atl. Marine* at 56–57; *Bozic v. United States District Court*, 888 F.3d 1048, 1054 (9th Cir. 2018). Therefore, venue is not proper in the District of Arizona, and the case must be either transferred to a district in which it could have been brought or dismissed. The Court finds that the case could have been brought in the Southern District of Ohio, the location where many of the events giving rise to the claims occurred, and a

location in which many, if not all, of the Defendants are located.

Even assuming Plaintiffs could establish that Venue was proper under 28 U.S.C. § 1391, they could not establish that the Southern District of Ohio would not be a more appropriate forum. Here, in considering the *Jones* factors, the only factor that tips in Plaintiffs' favor is their choice of forum. As to that factor, the Court finds that although Plaintiffs' choice of forum is given substantial consideration, Plaintiffs appear to be attempting to avoid the jurisdiction of the courts in Ohio by choosing to file the case here. Moreover, Plaintiffs previously litigated this case in Ohio. The Court therefore finds this factor to be neutral at best. The other six factors, (1) the state that is most familiar with the governing law, (3) the respective parties' contacts with the forum, (4) the contacts relating to the plaintiff's cause of action in the chosen forum, (5) the differences in the costs of litigation in the two forums, (6) the availability of compulsory process to compel attendance of unwilling, non-party witnesses, and (7) the ease of access to sources of proof, ***all*** strongly favor transferring this case to Ohio, where it appears that most, if not all, of the 31 named Defendants are located and all of the events giving rise to the claims occurred.

The causes of action here all appear to relate to the divorce proceedings which took place in Columbus, Ohio, therefore, the ease of access to sources of proof and the familiarity with the governing law favors Ohio. The overwhelming majority of parties, including the necessary witnesses to the matter, are present in Ohio. There are no allegations in the Complaint of any contacts between the numerous Defendants and the State of Arizona. The cost of litigating in the District of Arizona for the 31 Defendants would presumably be much higher than litigating in Ohio. The Court also finds that it is not best suited to compel attendance of unwilling, non-party witnesses all of whom appear to be in Ohio, except for Plaintiffs. Likewise, the Court finds that it would be a waste of judicial resources for the matter to proceed in the District of Arizona.

This is not a case where changing venue would merely shift the inconvenience from one party to another. Here, there are literally dozens of individuals and

governmental entities that are not present in this District, but that are all present in Ohio. Therefore, the *Jones* factors strongly weigh in favor of transferring venue.

The Court, in its discretion and the interests of justice, finds that this case should be transferred to the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a). Therefore, Defendants' Motions will be granted.

Accordingly,

**IT IS HEREBY ORDERED** the Motions to Change Venue (Docs. 12 and 77) are **granted**, pursuant to 28 U.S.C. §§ 1404(a) and 1406. The Clerk of Court shall kindly transfer this case to the United States District Court for the Southern District of Ohio.

Dated this 31st day of July, 2019.

Honorable Diane J. Humetewa
United States District Judge